```
           IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION


Curtis L. Clark,                  :

        Plaintiff,                :

    v.                            :    Case No. 2:08-cv-0166

Jon R. Spahr, et al.,             :    JUDGE SMITH

        Defendants.               :
```

REPORT AND RECOMMENDATION

Plaintiff, Curtis L. Clark, has submitted a complaint and an "Unsworn Declaration Under Penalty of Perjury Pursuant to 28 U.S.C. §1746." In it, he declares that he cannot afford the filing fee for this case. He has not paid the fee. The Court construes his declaration as a motion for leave to proceed *in forma pauperis*. For the following reasons, it will be recommended that the motion be denied.

In his complaint, Mr. Clark states that he is currently confined at the Chillicothe Correctional Institution, a state correctional facility. He alleges that he is there because defendant Spahr, a state court judge, illegally sentenced him to four years in prison. However, he asserts in his unsworn declaration that he is "not a prisoner, pursuant to 28 U.S.C. §1915(h)." He has not submitted a statement of his prisoner account.

The Prison Litigation Reform Act was passed in part to assess filing fees against all prisoners who file civil actions in federal court. Any prisoner who cannot afford immediately to pay the entire filing fee is assessed an initial filing fee based upon activity in his or her prisoner account, and must thereafter pay the balance of the fee in installments. In order to assess

the initial fee, the Court must know the average balance and average deposits in a prisoner's account for the six months preceding the filing of the complaint.  To effectuate these purposes of the PLRA, 28 U.S.C. §1915(a)(2) now provides that "[a] prisoner seeking to bring a civil action ... without prepayment of fees ... shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint ...."  By stating that he is not a prisoner, Mr. Clark is apparently attempting to avoid this provision.

28 U.S.C. §1915(h) defines a prisoner as "any person incarcerated or detained in any facility who is accused of, convicted of, or sentenced for, violations of criminal law ...."  The Court of Appeals has held that this section is to be interpreted literally.  Geiger v. Prison Realty Trust, Inc., 13 Fed. Appx. 313, 315 (6th Cir. June 15, 2001).  Mr. Clark alleges that he was sentenced to a term at the Chillicothe Correctional Institution by a state court judge for violating Ohio Rev. Code §2907.04, a provision of the Ohio criminal code.  Although he contends that the proceedings which led to his conviction and sentence were unlawful, that does not alter the fact that he has been sentenced for a violation of the criminal law.  Thus, he is a "prisoner" and is subject to the filing fee assessment provisions of the PLRA.  Because he has not complied with those provisions, the Court cannot grant his motion for leave to proceed *in forma pauperis*.

For the foregoing reasons, it is recommended that the motion for leave to proceed *in forma pauperis* (#1) be denied.  It is further recommended that, should the motion be denied, plaintiff be granted thirty days either to comply with 28 U.S.C. §1915(a)(2) or to pay the full filing fee, and that if he does not do so, the filing fee be assessed and the case be dismissed.

See In re Prison Litigation Reform Act, 105 F.3d 1131 (6th Cir. 1997).

PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. Section 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir.1981).

/s/ Terence P. Kemp
United States Magistrate Judge