IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Curtis L. Clark,                    :

        Plaintiff,                  :

    v.                              :    Case No. 2:08-cv-0166

Jon R. Spahr, et al.,               :    JUDGE SMITH

        Defendants.                 :


ORDER

    This matter is before the Court on plaintiff Curtis L.
Clark's motion to correct a clerical error and for relief from
the Court's order of June 25, 2008.  That order adopted the
Magistrate Judge's Report and Recommendation that Mr. Clark's
motion for leave to proceed in forma pauperis be denied and that
he be required to submit an inmate account statement as required
by the Prison Litigation Reform Act or pay the full filing fee in
this case.  For the following reasons, Mr. Clark's current motion
will be granted in part and denied in part.

    Initially, Mr. Clark seeks to correct a clerical error
pursuant to Fed. R. Civ. P. 60(a).  According to Mr. Clark, he is
bringing this action pursuant to 42 U.S.C. §1985 not 42 U.S.C.
§1983 as reflected on the Court's docket.  A review of the docket
report indicates that Mr. Clark's civil cover sheet cites §1985
as the statute under which he is proceeding.  Consequently, the
Court will grant Mr. Clark's motion to the extent that it seeks
to correct this clerical mistake.  The Clerk will be directed to
amend the docket report to reflect that Mr. Clark's cause of
action arises under 42 U.S.C. §1985.

    Mr. Clark is also seeking relief from the Court's order
pursuant to Fed. R. Civ. P. 60(b)(6).  In support of this request

for relief, Mr. Clark continues to assert that he is not a state prisoner. According to Mr. Clark, he is being held illegally and, therefore, should not be required to submit a statement of his prison account.

Initially, the Court notes that Fed. R. Civ. P. 60(b) sets forth the grounds for relief from a final judgment, order or proceeding. The order from which Mr. Clark seeks relief is not a final judgment, order or proceeding as contemplated by Fed. R. Civ. P. 60(b). See Cardew v. Goord, 26 Fed.Appx. 48 (2nd Cir. 2001)(denial of plaintiff's filing fee motion not a final order).

While Fed. R. Civ. P. 60(b) is not applicable here, a district court does retain the power to reconsider and modify its interlocutory judgments at any time prior to final judgment. McWhorter v. ELSEA, Inc., Case No. 2:00-cv-473, 2006 WL 3483964 at *2 (S.D. Ohio Nov. 30, 2006). However, because of the interest in finality, a court should grant motions for reconsideration in very limited circumstances. Id. For example, courts will reconsider interlocutory orders when there is "(1) an intervening change in controlling law; (2) newly discovered evidence; or (3) to correct a clear error of law or to prevent a manifest injustice." Id. (quoting Rodriquez v. Tennessee Laborers Health & Welfare Fund, 89 Fed.Appx. 949, 959 (6th Cir. 2004)). Here, Mr. Clark does not raise any of those issues. Instead, Mr. Clark's filing is merely a reiteration of arguments previously rejected by the Court.

For the reasons stated above, Mr. Clark's motion (#6) is granted in part and denied in part. Mr. Clark's motion is granted to the extent that it seeks to correct a clerical error. The Clerk shall amend the docket report to indicate that the cause of action arises under 42 U.S.C. §1985. The motion is denied in all other respects. Mr. Clark is granted fifteen (15) days from the date of this order to comply with 28 U.S.C. §1915

by either submitting the required statement of his prison account or paying the filing fee.  His failure to do so will result in the dismissal of this action for failure to prosecute.

**IT IS SO ORDERED.**

/s/ George C. Smith
George C. Smith
United States District Judge